## STATE, EX REL. KRAMER, v. LEWIS (AUDITOR).

1. ERRORS IN ADDITIONS TO TAX VALUATIONS, WHEN FUNDAMENTAL, NOT REVIEW-ABLE.

   An error in judgment of a board of equalization, proceeding according to law, in placing an addition to a tax valuation of property, is fundamental in character, and cannot be reviewed or corrected by a county auditor.

2. CLERICAL ERRORS IN TAX VALUATIONS CORRECTED BY AUDITOR.

   Where the acts of a board of equalization are without warrant of law or in excess of their authority in matters of taxation, the errors so committed are clerical, and not fundamental, and may be corrected by the county auditors.

3. ADDITIONS TO DUPLICATE WITHOUT NOTICE, A CLERICAL ERROR.

   An addition to the tax duplicate by a board of equalization, without notice to the property owner is without warrant of law, and is a manifest clerical error, which it is the duty of the county auditor to correct..

4. ADDITIONS ON ACCOUNT OF ALTERATION OF STRUCTURE ONLY MADE AFTER NOTICE.

   A board of equalization is without legal authority to make an addition to a tax valuation on the duplicate on account of a repair, alteration or modification of an old structure which does not destroy its original identity so as to amount to a new structure, without notice to the owner.

5. MANDAMUS THE REMEDY TO COMPEL COUNTY AUDITOR TO CORRECT CLERICAL ERROR IN DUPLICATE.

   Mandamus is a proper remedy to compel a county auditor to correct a clerical error of the board of equalization in making an addition to the tax duplicate without warrant of law, and to call the attention of the county commissioners thereto.

Dan. Thew Wright, for the relator:

Section 2804 Rev. Stat., by the requirement of "notice to all persons directly interested," constitutes "notice," a preliminary which is essential to the board's jurisdiction, and without which the action of the board is altogether void.

"The board of review can make no addition to the taxable value of real estate until the owner has been served with the copy of a notice of their intention to do so. (Sec. 2804 Rev. Stat.) The statutory requirement for service must be strictly pursued." Britt v. Hagerty, 5 Circ. Dec. 64 (11 R. 115), "Affirmed on the grounds stated in Britt v. Hagerty, 5 Circ. Dec. 64 (11 R. 115);" Hagerty v. Britt, 56 Ohio St. 790 [49 N. E. Rep. 1110].

We cannot regard the provision of the statute requiring notice as directory merely. It is not matter of form only, but of substance. The party interested has a clear right to a hearing and a day in court. as well by the express terms of the statute as by the plainest principles of justice. Judge Scott in Champaign Co. Bank v. Smith, 7 Ohio St. 42, 49, 50; Perkins v. Zumstein, 2 Circ. Dec. 601 (4 R. 371); Euclid Avenue Sav. Banking Co. v. Hubbard, 12 Circ. Dec. 279 (22 R. 20); Darling v. Cunn, 55 Ill. 424; Dykes v. Mortgage Co. 57 Kan. 419 [46 Pac. Rep. 711]; State v. Harrison, 39 N. J. Law 51, 54, 55; Alleghany Co. (Comrs.) v. Mining Co. 76 Md. 549, 551 [25 Atl. Rep. 864]; Cooley, Taxation 365.

The section requires "notice" in all except cases of "new structures," so that the increases at bar were void unless they were cases of "new structures." Schindler v. Lewis, 9 Circ. Dec. 174 (16 R. 348).

A fixture, or betterment, is "not the subject of a separate valuation. It can only be valued with and as part of the real estate." Humphrey v. Safe Deposit Co. 29 Ohio St. 608, 610.

The legal effect of this statute (Sec. 5848 Rev. Stat.), is to protect the rights of the citizens in every case as completely as if the right of appeal should be given from the taxing officers to the courts direct. The right of the citizen to test the legality of a tax or assessment, under Sec. 5848 Rev. Stat., cannot be taken away by any record that can be made by a taxing officer or board. Hagerty v. Huddleston, 60 Ohio St. 166 [53 N. E. Rep. 960].

This case shows that the term "clerical error" is not limited to such mistakes as occur in copying or in computations. Errors by which property escapes its lawful share of taxation must of necessity be either fundamental, and thus beyond the power of a county auditor to correct, or clerical merely, and therefore within that power. The difficulty, however, lies in the attempt to distinguish them. While we are not required in this

case to lay down rules, if that were possible, by which in all cases, the character of these errors may be determined, yet certainly those only are to be deemed fundamental that pertain to the very foundation upon which a tax rests; this of course includes defects and imperfections in the law itself, and errors of judgment committed by public boards acting within the scope of their authority. But can an error be said to be fundamental, and thereby placed beyond the power of a county auditor to correct, where it has been committed by a board of equalization, or by any other board or officer, while acting without authority of law or in excess thereof? We think not; and if, when we come to examine the acts of the boards of equalization which are under consideration in this action, it shall appear that they acted without warrant of law or in excess of their authority, their errors, so committed, are not in any proper sense of the term fundamental, and may therefore be corrected by the county auditor. State v. Raine, 47 Ohio St. 447, 457 [25 N. E. Rep. 54].

The errors at bar being clerical, and for corrections by the auditor, and he having no discretion in either the matter of correcting them or of calling the attention of the county commissioners thereto, it follows that mandamus is the appropriate remedy. Hagerty v. State, 7 Circ. Dec. 88 (14 R. 95); Lewis v. State, 12 Circ. Dec. 718; Lewis v. State, 59 Ohio St. 37 [51 N. E. Rep. 440].

Ampt, Ireton & Collins, contra.

SWING, J.

This is an action in mandamus. The relator asks to have the auditor correct his tax list as to a certain lot owned by him, and to call the attention of the county commissioners thereto, as is provided under Sec. 1038 Rev. Stat.

The case is submitted on an agreed statement of facts.

Under the decision in case of Schindler v. Lewis, 9 Circ. Dec. 174 (16 R. 348), the addition made to the valuation of the relator's property by the board of supervisors was not for a new structure, but for the alteration of an old structure.

It was therefore necessary for said board to give notice to the property owner before making such an addition, and this, it is admitted, was not done. Therefore, it must be admitted that the board had no authority in law to make the addition which was made.

There is only one question, therefore, presented to us, whether Sec. 1038 Rev. Stat. affords to the relator the relief asked.

It is claimed by the auditor that only clerical errors can be corrected

by him under this section; and that the one in question is not clerical, but fundamental.

This section of the statute was before the Supreme Court of Ohio in the case of State v. Raine, 47 Ohio St. 447 [25 N. E. Rep. 54]. The fourth proposition of the syllabus is as follows:

"When such boards undertake to reduce the valuation of certain lots or tracts of land found on the duplicate of the preceding year without adding to other parcels thereof an amount at least equal to the attempted reduction, they exceed their authority, and their action being without warrant of law, should be disregarded by the county auditor, and if, instead of disregarding the same, he transfers to the new tax duplicate such lands at the reduced valuation, the error thereby committed is not fundamental, but is a clerical one, which it is his duty to correct; and the auditor of state has authority to direct and require him to make the correction."

At page 456, Judge Bradbury says:

"McIlvaine, J., on page 574, saying in this connection: 'True it was held in State v. Montgomery County (Comrs.), 31 Ohio St. 271, that the corrections which the auditor may make under this section are merely clerical. The error to be corrected in relation to the plaintiff's taxes was the deduction of the reinsurance item from its credits. No fact is to be inquired into. Every necessary fact appears on the face of the return. Charge the proper rate of taxes upon the amount of credits returned without any deduction on account of the reinsurance item and the error in the amount of plaintiff's taxes will be corrected—clerical work merely.' This case shows that the term 'clerical error' is not limited to such mistakes as occur in copying or in computations. Errors by which property escapes its lawful share of taxation must of necessity be either fundamental, and thus beyond the power of a county auditor to correct, or clerical merely, and therefore within that power. The difficulty, however, lies in the attempt to distinguish them. While we are not required in this case to lay down rules, if that were possible, by which in all cases the character of these errors—as being fundamental or merely clerical—may be determined, yet, certainly, those only are to be deemed fundamental that pertain to the very foundation upon which a tax rests. This, of course, includes defects and imperfections in the law itself, and errors of judgment committed by public boards acting within the scope of their authority. But can an error be said to be fundamental and thereby placed beyond the power of a county auditor to correct, when it has been committed by a board of equalization, or by any other board or officer while acting without authority of law, or in excess thereof? We think not; and if, when we come to examine the acts of the boards of equalization which are under

consideration in this action, it shall appear that they acted without warrant of law or exceeded their authority, their errors so committed are not in any sense of the term fundamental and may therefore be corrected by the county auditor."

It seems to us that this decision fully covers the question here presented, and is decisive of it.

If it were a question as to whether the board of supervisors had placed a correct addition to the tax valuation of the property in dispute, it would be a matter that the auditor could not correct, for that is a matter that is left to the judgment of that board, and the error, if any, would be fundamental; but this board can only place an addition to the tax valuation of a piece of property when it proceeds according to law, and in this case, after it has given notice to the property owner, which it was admitted was not done here. In fixing the amount that should be added, the board exercised its judgment, but in placing it on the duplicate it was not exercising any judgment and was not proceeding according to law, but on the contrary, it was purely arbitrary and contrary to law. This is an error that the auditor should correct, and in doing so, he is not undoing anything which they had a right to do, but simply correcting a manifest error that they had done without the slightest authority of law to do.

The Harris case is the same in principle as this, and is governed by it.

Decree for plaintiff.